UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDUL KAREEM AL-SHIMARY,

    *Plaintiff,*

v.

ALBERTA LOPEZ,

    *Defendant.*

_____/

Case No. 2:21-cv-10403

Thomas L. Ludington
United States District Judge

Patricia T. Morris
United States Magistrate Judge

# REPORT AND RECOMMENDATION ON DEFENDANT LOPEZ'S MOTION FOR SUMMARY JUDGMENT (ECF No. 52)

## I. RECOMMENDATION

For the following reasons, **I RECOMMEND** that this Court **GRANT** Defendant Lopez's motion for summary judgment on the basis of exhaustion, dismissing the case **WITHOUT PREJUDICE**. (ECF No. 52).

## II. REPORT

### A. Procedural and Factual Background

On January 22, 2021, Plaintiff Abdul Kareem Al-Shirmary, a Michigan Department of Corrections ("MDOC") inmate housed at the Saginaw Correctional Facility ("SRF") in Freeland Michigan, filed suit in this Court under 42 U.S.C. § 1983, alleging violations of the Eighth Amendment resulting from Defendants Winn,

1

Miniard, and MDOC's failure to protect him and other prisoners from COVID-19.[1] (ECF No. 1). Plaintiff alleges that Defendants' failure to use preventative measures recommended by the Center for Disease Control ("CDC") or the Department of Health and Human Services placed him in "imminent danger." (*Id*. at PageID.3). He states that due to inadequate medical care for inmates contracting COVID-19, he is experiencing "mental stress, anxiety, headaches, body aches, depression, mood swings, [and] fear of death . . ." (*Id*. at PageID.5). He appears to state that after he received a positive test and was given treatment, he was improperly exposed to another prisoner who had tested positive for the virus more recently. (*Id*. at PageID.9). On April 4, 2021, Plaintiff submitted an "Affidavit of Truth" alleging that Defendants Lopez and Thomas brought him his legal mail from this Court already opened. (ECF No. 7, PageID.18). On July 23, 2021, the District Court allowed Plaintiff to supplement the Complaint to include the claims against Lopez and Thomas. (ECF No. 9, PageID.33, 35). All other Defendants have been dismissed from this action, most based on Plaintiff's failure to exhaust. (ECF Nos. 9, 33.) Defendant Lopez now seeks summary judgment based on Plaintiff's failure to exhaust his claims against her and Defendant Lopez expressly incorporates by

---

[1] While the Complaint received by the Court on January 30, 2021, Plaintiff signed it on January 22, 2021.

reference the arguments made by Defendants Winn, Miniard, and the MDOC. (ECF No. 52, PageID.250).

### B.  Summary Judgment Standard

A court will grant a party's motion for summary judgment when the movant shows that "no genuine dispute as to any material fact" exists. Fed. R. Civ. P. 56(a). In reviewing the motion, the court must view all facts and inferences in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The moving party bears "the initial burden of showing the absence of a genuine issue of material fact as to an essential element of the non-movant's case." *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989) (quoting *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986)) (internal quotation marks omitted). In making its determination, a court may consider the plausibility of the movant's evidence. *Matsushita*, 475 U.S. at 587-88. Summary judgment is also proper when the moving party shows that the non-moving party cannot meet its burden of proof. *Celotex*, 477 U.S. at 325.

The non-moving party cannot merely rest on the pleadings in response to a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Instead, the non-moving party has an obligation to present "significant probative evidence" to show that "there is [more than] some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir.

3

1993). The non-movant cannot withhold evidence until trial or rely on speculative possibilities that material issues of fact will appear later. 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2739 (3d ed. 1998). "[T]o withstand a properly supported motion for summary judgment, the non-moving party must identify specific facts and affirmative evidence that contradict those offered by the moving party." *Cosmas v. Am. Express Centurion Bank*, 757 F. Supp. 2d 489, 492 (D. N.J. 2010). In doing so, the non-moving party cannot simply assert that the other side's evidence lacks credibility. *Id.* at 493. And while a pro se party's arguments are entitled to liberal construction, "this liberal standard does not ... 'relieve [the party] of his duty to meet the requirements necessary to defeat a motion for summary judgment.'" *Veloz v. New York*, 339 F. Supp. 2d 505, 513 (S.D.N.Y. 2004) (quoting *Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003)). "[A] pro se party's 'bald assertion,' completely unsupported by evidence, is not sufficient to overcome a motion for summary judgment." *Lee v. Coughlin*, 902 F. Supp. 424, 429 (S.D.N.Y. 1995) (quoting *Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991)).

When the non-moving party fails to adequately respond to a summary judgment motion, a district court is not required to search the record to determine whether genuine issues of material fact exist. *Street*, 886 F.2d at 1479-80. The court will rely on the "facts presented and designated by the moving party." *Guarino v.*

4

*Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). After examining the evidence designated by the parties, the court then determines "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so onesided that one party must prevail as a matter of law." *Booker v. Brown & Williamson Tobacco Co.*, 879 F.2d 1304, 1310 (6th Cir. 1989) (quoting *Anderson*, 477 U.S. at 251-52). Summary judgment will not be granted "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson*, 477 U.S. at 248.

### C. Exhaustion Under the PLRA

Under the Prison Litigation Reform Act ("PLRA") of 1996, specifically 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under § 1983 ... by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The exhaustion requirement is mandatory and applies to all suits regarding prison conditions, regardless of the nature of the wrong or the type of relief sought. *Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Furthermore, "exhaustion" under the PLRA means "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 92 (2006). In *Woodford*, the Supreme Court defined "proper exhaustion" as requiring "compliance with an agency's deadlines and other critical procedural rules...." *Woodford*, 548 U.S. at 90.

5

MDOC Policy Directive ("P.D.") 03.02.130, effective March 18, 2019, prescribes the three-step administrative exhaustion process for grievable matters. At Step I, a prisoner must "attempt to resolve the issue with the staff member involved within two business days" and, if unsuccessful, must file a grievance within five business days. *Id.* at ¶ Q. If the inmate is dissatisfied with the disposition of the grievance, or does not receive a response ten days after the due date, he or she may file a Step II grievance using the appropriate form. *Id.* at ¶ DD. Similarly, if the inmate is dissatisfied with the Step II response or does not receive a response for ten days after the response was due, he or she may file a Step III grievance. *Id.* at ¶ HH.

To be properly exhausted, a defendant must be named at Step I. P.D. 03.02.130, ¶ S provides:

> The issues should be stated briefly but concisely. Information provided is to be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places, and names of all those involved in the issue being grieved are to be included.

(underscore in original).

### D.     Analysis

In Step I of Grievance Identifier SRF 2020-05-0306-27z ("SRF-306"), Plaintiff states that he kited his Assistant Resident Unit Supervisor ("ARUS") because his unit was not being disinfected regularly. (*Id*. at PageID.137). He states further that he and the other SRF inmates were not given "proper protection" from contracting COVID-19; cleaning supplies were "very watered down"; and it was

6

impossible for him to social distance in his cell or the chow hall. (*Id*.). He states that the "inhumane treatment and living conditions" violate P.D. 03.03.130 and his rights under the Eighth Amendment. (*Id*.). He asks for temporary home confinement. (*Id*.).

Because Plaintiff did not comply with the Policy Directive requirement that a defendant be named at Step I, he has not properly exhausted. P.D. 03.02.130, ¶ S. *See Reed–Bey v. Pramstaller*, 603 F.3d 322, 324–25 (6th Cir. 2010) ("Requiring inmates to exhaust prison remedies in the manner the State provides—by, say, identifying *all* relevant defendants—not only furthers [the PLRA's] objectives, but it also prevents inmates from undermining these goals by intentionally defaulting their claims at each step of the grievance process, prompting unnecessary and wasteful federal litigation in the process."); *see also Alexander v. Jackson*, 440 F. Supp. 2d 682, 685 (E.D. Mich. 2006) ("To satisfy the exhaustion requirement, an administrative grievance must be factually specific as to both the person and the acts complained of. If a particular defendant has not been specifically named in a grievance, the claim as to that defendant has not been exhausted.") (citing *Curry v. Scott*, 249 F.3d 493 (6th Cir. 2001)). Therefore, dismissal of the claim against Defendant Lopez without prejudice is appropriate. *See Bell v. Konteh*, 450 F.3d 651, 653 (6th Cir. 2006) ("[T]he appropriate disposition of an unexhausted claim under the PLRA is dismissal without prejudice.").

7

As to Plaintiff's claim regarding his legal mail, this claim must also be dismissed for failure to exhaust. Plaintiff dated his Step I grievance concerning his legal mail, on April 5, 2021, and it was received at Step I on April 12, 2021. (ECF No. 26-3, PageID.126). It was denied at Step I on April 14, 2021. (*Id*. at PageID.127). It was denied at Step II on May 10, 2021 (*Id*. at PageID.125) and denied at Step III on August 23, 2021. (*Id*. at PageID.124).

It is clear therefore that Plaintiff completed the administrative exhaustion of his legal mail claim only after he had filed both his original complaint and his supplement to the complaint.

In *Mattox v. Edelman*, 851 F.3d 583, 595 (6th Cir. 2017), the Sixth Circuit held that "the PLRA and Federal Rule of Civil Procedure 15 permit a plaintiff to amend his complaint to add claims that were exhausted after the commencement of the lawsuit, provided that the plaintiff's original complaint contained at least one fully exhausted claim." But at the time that Plaintiff filed his supplemental complaint on April 6, 2021, he had not yet exhausted his administrative remedies. The PLRA requires exhaustion of all available administrative remedies *before* filing suit. 42 U.S.C. § 1997e(a); *see also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). Therefore, the legal mail claim against Defendant Lopez must be dismissed under both the PLRA and *Mattox*.

Further, even if Plaintiff had exhausted his claim against Lopez on April 6, 2021, *Mattox* would preclude amending to add her because, as discussed in the previous R&R, Defendants Winn, Miniard, and MDOC were not exhausted, and there were no other "fully exhausted claims" against any Defendant in the original complaint filed on January 30, 2021.[2]

### E. Conclusion

For these reasons, **I RECOMMEND** that this Court **GRANT** Defendant Lopez's motion for summary judgment on the basis of exhaustion, dismissing all claims against Defendant Lopez **WITHOUT PREJUDICE**. (ECF No. 52).

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right

---

[2] Even if Plaintiff's Affidavit of Truth (construed as a supplemental complaint) (ECF No. 7) related back to or were considered part of the original complaint, the only other Defendant named in the supplemental was Lopez. Plaintiff alleges that Lopez improperly opened his legal mail on April 2, 2021, four days before Plaintiff filed the Affidavit of Truth. (*Id.* at PageID.18). Plaintiff could not have exhausted all three steps of the administrative procedure in four days, and thus the claims against Lopez could not be considered "fully exhausted."

of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this R&R. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this R&R to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 8, 2023    S/ PATRICIA T. MORRIS
                          Patricia T. Morris
                          United States Magistrate Judge